(No. 1760, December 31, 1914)

In the Matter of the Application of JOHN H. TOWNDROW for a Writ of Habeas Corpus.

### SYLLABUS BY THE COURT

1. Upon an application for a writ of Habeas Corpus, to secure petitioner's release from the custody of the sheriff, where such officer holds the petitioner under a warrant, issued upon a complaint based on information and belief, and

In re John H. Towndrow, 19 N. M. 672

the Attorney General admits that the process is not a lawful process and is insufficient to justify petitioner's detention, the application will be granted and the petitioner discharged.

P. 676.

Habeas Corpus.    Original in the Supreme Court. Petitioner Discharged.

MORROW & ALFORD, Raton, New Mexico, and JESSE G. NORTHCUTT, Trinidad, Colorado, for Petitioner.

Authority of court to take original jurisdiction.   Notestine v. Rogers, 18 N. M. 462; Ex parte Burford, 3 Cranch, 448.

Only one way to hold a person to answer for a capital crime.   Constitution (N. M.) Art. II, Sec. 14, Const. N. M. Art. XX, Sec. 20.

Validity of Informations.   Bill of Rights, Sec. 10, Fed. Const. 4th Amendment; C. L. 1897, Sec. 3395; Id. Sec. 3426; U. S. v. Tureaud, 20 Fed. 621; 3 Woods. 502; Vannatta v. State, 31 Ind.; 2 Story on Constitution, Sec. 190; Johnson v. U. S. 87 Fed. 189; U. S. v. Baumer, 179 Fed. 735; C. L. 1897, Sec. 3428; S. L. 1907, ch. 9, p. 8; C L. 1897, Sec. 3429; C. L. 1897, Secs. 3378, 3379 and 3383

Proceedings of  Dec. 7th and  9th are  nugatory, and incarceration of Petitioner illegal. Augustine v. State, 23 S. W. 689; U. S. v. Marshall, D. E. 26 Fed., Cas. No. 15, 726; Jenkins v. State, 76 S. W. 464; Ex parte Holland, 100 Pac. (Okla.) 50; Ex Parte Hammock, 78 Ala. 414; Jilz's Case, 64 Mo. 205; Wells on Res Judicata, Sec. 421; Church on Habeas Corpus, Sec. 386; In re Losasso, 15 Colo. 163, 24 Pac. 1080.

N. M. Statute on Habeas Corpus. C. L. 1897, Sec. 2781; Id. Sec. 2782; Id. Sec. 2803, 2804, 2808.

Allowance of Bail.   Ex parte Acres, 63 Ala. 234; Ex parte Heffren, 27 Ind. 87; Ex parte Floyd, 60 Miss. 913; In re Crans, 99 Mo. 193, 12 S. W. 635; 17 Am St. 571; Ex parte Miller, 41 Tex. 213; Ex parte Schamberger, 19 Tex. App. 572; Ex parte Kundy, 22 Tex. App. 418; 3 S. W. 322; In re Smith, 26 Tex. App. 134, 9 S. W. 359; Ex

parte Jones, 26 Tex. App. 597, 10 S. W. 114; In re Puryear, 11 S. W. 32; Ex parte Duncan, 27 Tex. App. 485, 11 S. W. 442; Ex parte Moore, 16 S. W. 764; People v. Perry, 8 Abb. Prac. U. S. 27; S. Ketton v. Robinson, (Ala.) 16 So. 74; Ex parte Bird, 24 Ark. 275; Ex parte McCrary, 22 Ala. 65.

FRANK W. CLANCY, Attorney General; GEORGE E. REMLEY, Cimarron, N. M., and E. C. CRAMPTON, Raton, N. M., for Respondent.

Power of court to correct its own records and effect thereof. Goodrich v. Conrad, 28 Iowa, 298; Frink v. Frink, 82 Am. Dec. 136; Hill v. Hoover, 68 Am. Dec. 70; Lewis v. Hess, 59 Am. Dec. 49; Levy v. Wilson, 10 Pac. 272; Stockdale v. Johnston, 14 Ia. 178; Kaufman v. Shain, 43 Pac. 393; Kerr v. Kicks, 42 S. E. 532; Kilman v. Libbey, 10 Fed. Cas. No. 5445; High on Extra. Leg. Rem. (3rd. Ed.) Sec. 766.

Was jury a legally constituted one? S. L. 1905, Ch. 116, Sec. 9; S. L. 1913, Ch. 16, Sec. 1; Kelly v. State, 53 Ind. 311.

Delay not ground to quash. State v. Smith, 19 S. E. 997; See Lewis' Sutherland on Stat. Construction, ) 2nd. Ed.) p. 615; Johnson v. State, 33 Miss. 363; Obyrne v. State, 51 Ala. 25.

Has court inherent power to provide jury where statute is not sufficient to adequately cover conditions? Mackey v. People, 2 Colo. 13; Bennett v. Tinnley I. N. Co. 34 Pac. 61; U. S. v. DeAmador, 6 N. M. 176; Hoore v. Nation, 103 Pac. 112; Obyrne v. State, 51 Ala. 25.

Effect of preliminary hearing as disqualifying judge for trial. Van Buren v. State, 91 N. W. 201; 38 Cyc. 267; Wagener v. Board, 79 N. W. 166.

Writ of Prohibition does not properly apply to the correction of such errors as relator here seeks to correct.

Not a corrective writ. Smith v. Whitney, 116 U. S. 167, 29 L. R. A. 604; Crown King Min. Co. v. Fourth Judicial District, 64 Pac. 439; Levy v. Wilson, 10 Pac. 272; In re Huguley Mfg. Co. 16 L. R. A., 549; Strouse v. Police Court, 24 Pac. 747.

---

In re John H. Towndrow, 19 N. M. 672

---

People v. Wood. 47 N. Y. Supp. 676; State v. Ward, 72 N. W. 825; Nichols v. Judge, 89 N. W. 691; People v. Stevens, 79 Pac. 1018; Mason v. Grubel, 68 Pac. 660; People v. District Court, 77 Pac. 239; Bedford County v. Wingfield, 27 Gratt. (Va.) 329; Arnett v. Superior Court, 60 Pac. 534; Powelson v. Leekward, 23 Pac. 143; Willman v. District Court, 35 Pac. 692; High on Extra. Legal Rem. (3rd. Ed.) Secs. 770-772.

## OPINION.

PER CURIAM—On the 20th day of August, 1914, the petitioner was arrested, charged with the murder of Lillian Towndrow, his wife, Judge Thomas D. Leib, presiding judge in the Eighth Judicial District, sat as the examining magistrate and heard the testimony introduced upon the application for bail. Upon the conclusion of the testimony, the court found, among other things, that a crime had been committed and that there was probable cause to believe the defendant committed the crime, and on the application for bail, reserved his ruling and took under advisement the question as to whether or not the said defendant was entitled, under the constitution and laws of this state, to bail, and, thereafter, on the 16th day of September, 1914, the said judge ordered that defendant be admitted to bail in the sum of $15,000. This bail was given by the defendant in the form of a recognizance, denominated an appearance bond, with sureties as required by law, which was approved by the sheriff, and the defendant was released thereon. Thereafter, on the 7th day of December, which was the first day of the regular December, 1914, term of the district court of Colfax County, the petitioner and other defendants interested in other cases, interposed a challenge to the array of the grand jury, which had been summoned to appear on that date to serve for that term of court. This challenge was sustained by the court, whereupon the court directed the sheriff to take the petitioner into custody, and, also directed the district attorney to file in the district court an information against the petitioner, charging him with having killed and murdered the said Lillian Towndrow. The district attorney

filed the information, which was supported by the oath of W. R. Hixenbaugh, upon information and belief only, however. Upon this information a warrant was issued, and it is upon this information and the warrant issued thereon, that petitioner is being detained in the custody of the sheriff and deprived of his liberty.

The attorneys for the petitioner and the Attorney General have filed in this court a written stipulation, which among other recitals and agreements, contains the following:

"The Attorney General admits that the warrant, copy of which is attached to the petition herein, and under which the petitioner is held in restraint, is not a lawful process and is insufficient to justify petitioner's detention, because the warrant was issued upon a complaint based on information and belief."

In view of this admission by the state, the application will be granted and petitioner will be discharged from the restraint under the warrant issued upon the information filed December 9th, 1914, without prejudice to any proceeding heretofore instituted, now, or hereafter to be instituted by the state touching the charge against the petitioner for the murder of Lillian Towndrow.